# Exhibit A

# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

| | | |
|---|---|---|
| **Date:** February 24, 2022 | **Time:** 2:25-3:03<br>38 minutes | **Judge:** EDWARD M. CHEN |
| **Case No.:** 21-cv-07742-EMC | **Case Name:** Bodle v. Johnson & Johnson Consumer Inc. | |

**Attorneys for Plaintiff:** Courtney Gipson, James Terrell and Lawrence Papale
**Attorney for Defendant:** Sandra Ko

| | |
|---|---|
| **Deputy Clerk:** Vicky Ayala | **Court Reporter:** Ruth Ekhaus |

## PROCEEDINGS

Motion to Dismiss - held

## SUMMARY

Parties stated appearances.

For the reasons stated on the record, and those that follow, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's First Amended Complaint for failure to state claims pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the Court finds that Plaintiff has failed to establish injury or causation as required to sustain **any** of its claims because Plaintiff has not plausibly alleged that (a) she ever purchased or used an allegedly contaminated sunscreen product, (b) that she was exposed to an allegedly contaminated sunscreen product at a level and for a duration that could plausibly cause her disease, nor (c) that she was diagnosed with AML *after* she used an allegedly contaminated sunscreen product. Absent injury and causation, Plaintiff cannot prevail on any of her claims.

The FAC relies on the Valisure Citizen Petition and incorporates the contents of the petition into the complaint by attachment to support its allegations that *specific batches* JJCI's sunscreen products contained benzene. FAC ¶¶ 12-19. The FAC copied and cited to Valisure's

analysis and testing of specific batches of sunscreen products to identify 23 Neutrogena sunscreen products, manufactured by Defendant, that contained average benzene levels in excess of .1 ppm. FAC ¶ 13-14; Valisure Petition at 12-13. The Petition identifies the UPC and Lot numbers of the samples which were tested, noted the expiration date of each batch, and indicated the standard deviation across tests of benzene levels in each batch. *Id.* The Petition requested a "recall of identified batches of sunscreen products on the basis that, due to contamination with a known human carcinogen, these products are adulterated." Valisure Petition at 2.

There are no allegations that Defendant's products, other than the specific 23 batches identified in the Valisure Petition, contain benzene. Neither the FAC nor the Petition contend that any identified product or brand *systematically* used benzene nor that any identified product-line was *designed* to incorporate benzene. Instead, the Petition noted that the "presence of benzene appears to be from contamination in the identified sunscreen products." *Id.* at 8. The Petition further explained that, "There was a significant variability from batch to batch, even within a single brand, underscoring the importance of batch-level chemical analysis and the necessity of overall increased quality surveillance of these pharmaceutical and consumer products." *Id.* The Petition, again, reiterated its recommendation to the FDA to "expeditiously request recalls on the *affected batches* of products." *Id.* at 10 (emphasis added); *see also id.* at 15 ("This Petition seeks to have the Commissioner and FDA request recalls for the *identified batches* of sunscreen products"); 15-16 ("Such recalls are important for public safety. . . [T]here is *significant batch-to-batch variation* in benzene content, but *many batches of sunscreen contain no detectable benzene* and thus recalls should not overly burden the distribution chain or impact the availability of sunscreen for use by the public."); 17 ("Valisure would maintain that it is important for information provided to the public to clarify and *underscore that this*

*contamination has not been detected in all sunscreen products and that unadulterated products are available and should continue to be utilized*.") (emphases added).

Despite the fact that the FAC and the Valisure Petition on which it relies identifies only *specific batches* of JJCI sunscreen products which were allegedly contaminated with benzene, Plaintiff does not allege that she ever purchased or used a product produced from the allegedly contaminated batches. Nor does she allege facts sufficient for the Court to draw an inference that she used an allegedly contaminated product. Plaintiff alleges that she "is an avid user of sunscreen and her preferred brand, Neutrogena, is sold by Defendant," FAC ¶ 1, and that she "has purchased Neutrogena sunscreens, including Ultra Sheer Dry-Touch Water Resistant Sunscreen Lotion SPF 70," *id.* ¶ 38. The Valisure Petition identifies a specific Lot and UPC number of a batch of the Ultra Sheer Dry-Touch Water Resistant Sunscreen Lotion SPF 70, with an expiration date of June 2022, as having an average benzene level of .13 ppm with a 73% standard deviation. FAC ¶ 14; Valisure Petition at 13. But Plaintiff does not allege that she purchased or used such a product with a corresponding Lot or UPC number or a matching expiration date. Plaintiff does not allege any facts at all as to *when* she purchased the product she identifies. Thus, the Court is unable to draw an inference on the facts as alleged that she purchased and used a benzene-contaminated product. At most, Plaintiff alleges only that she JJCI "sold [her] products that *may* contain dangerous levels of benzene, Plaintiff and the Class were harmed and suffered personal injuries." FAC ¶ 36 (emphasis added). This is insufficient to establish a plausible claim that she purchased a contaminated product.

Moreover, Plaintiff alleges that she was "recently diagnosed with acute myeloid leukemia." FAC ¶ 1. Plaintiff then alleges that her "use of the Sunscreen products was the sole cause or a substantial factor in causing her cancer." *Id.* ¶ 54. But Plaintiff does not provide any

information as to the timing of her diagnosis and her alleged use of Defendant's contaminated product to establish a plausible causal chain. Indeed, based on the facts as pled in the FAC, the Court cannot ascertain whether Plaintiff's cancer diagnosis *predated* her exposure to Defendant's allegedly contaminated products, which would render her alleged causal chain implausible.

Finally, Plaintiff does not allege the frequency or amount that she used Defendant's allegedly contaminated products. The Valisure Petition states that "benzene has long been directly associated with cancer in humans and classified as a 'known human carcinogen' with *persistent* exposure as low as .8ppm." Valisure Petition at 6 (emphasis added). Again, the FAC does *not* allege that Defendant's sunscreen products have *consistently* contained benzene; the FAC is limited to allegations about the presence of benzene in the 23 identified batches of Defendant's products. As to the only product that Plaintiff specifically states that she purchased and used, even if it was from a contaminated batch, that product had an average benzene level of .13 ppm – significantly less than the "persistent" exposure at ".8 ppm" that the Valisure Petition cited as linked to cancer. FAC ¶ 14; Valisure Petition at 6. The FAC fails to demonstrate a plausible causal chain.

In summary, Plaintiff has failed to establish injury and causation as required to state any of her claims. Accordingly, the Court **DISMISSES** Plaintiff's FAC **without prejudice**. Plaintiff is granted leave to amend her complaint. Plaintiff may file a Second Amended Complaint within 60 days of the date of the hearing.

As stated on the record, Plaintiff is further advised that her allegations seeking as a single California-based resident to represent a putative nationwide class asserting the laws of all 50 states with regards to products she has not used or purchased is highly problematic. She is not likely to prevail in any motion to certify such a class under Rule 23(b)(3). *See, e.g., Sultanis v.*

*Champion Petfoods USA Inc.*, No. 21-CV-00162-EMC, 2021 WL 3373934, at *8 (N.D. Cal. Aug. 3, 2021) ("The Court therefore concludes that, in the instant case, the substantial variations in the consumer protection laws in the thirteen states at issue underscore the problematic nature of the request that Ms. Sultanis singularly be appointed to be the named representative of the Nationwide and Multi-State Classes. Therefore, the Court exercises its discretion to hold that Ms. Sultanis, on this record, cannot represent unnamed class members in states outside of California.") (internal citation, quotation marks and brackets omitted).

This order disposes of Docket No. 22.

**Initial Case Management Conference reset from 3/29/2022, to 5/17/2022, at 1:30 p.m.** Joint case management statement **due by 5/10/2022**.

.